MILLER GOLER FAEGES LAPINE LLP
1301 EAST 9TH STREET, SUITE 2700
CLEVELAND, OHIO 44114-1835

TELEPHONE: (216) 696-3366
FAX: (216) 363-5835

January 5, 2015

**VIA ECF AND E-MAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    *Forni v. Resnick, et al.*, United States District Court,
              *Southern District of New York, Case No. 1:14-cv-09458-KPF:*
              <u>Supplement to Joint Submission Required by Notice of</u>
              <u>Initial Pretrial Conference</u>

Dear Judge Failla:

We look forward to meeting with you at the Initial Pretrial Conference tomorrow afternoon, January 6, 2015.

While we anticipated that – pursuant to your Individual Civil Practice Rule 3.B. and the Notice of Initial Pretrial Conference (ECF #94) – all counsel would confer and coordinate in the joint submission of the required informational letter called for by the Notice, perhaps because of timing, family vacations and travel, the New Year holiday, and my emergency medical appointment Friday morning and attendance at a funeral immediately thereafter, the letter that Plaintiff's counsel emailed to you on Friday afternoon, January 2, 2015 (as he indicated in his eighth paragraph) did not fully reflect my input.

Accordingly, and as Plaintiff's counsel so indicated, I write as counsel for Defendant Shutterstock, Inc. ("Shutterstock") with this supplement to that submission.

MILLER GOLER FAEGES LAPINE LLP

Hon. Katherine Polk Failla
United States District Judge
January 5, 2015
Page 2

1.  *The Action, Defenses, and Major Legal and Factual Issues:* In May 2014, Plaintiff Nicole Forni ("Forni") filed her Complaint (ECF #1) and, in June 2014, she filed her First Amended Complaint (ECF #5), both in the Northern District of Ohio.

The First Amended Complaint alleges that she is an Ohio-based professional model and sets forth seven causes of action against 33 named Defendants and 8 un-named Defendant companies, all arising from various alleged uses of certain photographic images of Forni allegedly taken by Defendant Joshua Resnick ("Resnick"), alleged to be an Ohio-based professional photographer, at his Columbus, Ohio studio in January 2013, subject to an alleged Release.

Counts I, II, and III set forth contract breach, fraudulent inducement, and fraud claims, respectively, against only Resnick. The other causes of action are alleged against "All Defendants": Count IV, as an alleged third-party beneficiary, for contract breach; Count V, for violation of the Lanham Act; Count VI, for violation of the Ohio "Right of Publicity" Act; and, Count VII, for preliminary and permanent injunctions.

In July 2014, Shutterstock – which operates a global marketplace for commercial digital imagery – moved for dismissal (ECF #52), noting that each cause of action as alleged against it is legally defective and thus fatally flawed, and that Forni's claims as alleged against it arise out of written Terms of Service that include a forum selection provision mandating that such disputes be filed in only certain New York courts.

In August 2014, Forni opposed the dismissal motion (ECF #74). In September, Shutterstock replied (ECF #78); in October, the N.D. Ohio Court held a Case Management

MILLER GOLER FAEGES LAPINE LLP

Hon. Katherine Polk Failla
United States District Judge
January 5, 2015
Page 3

Conference (ECF #90); and, in November, without addressing the merits of the dismissal motion, the N.D. Ohio Court transferred the case to the Southern District of New York (ECF ##91 and 92), where it was assigned to you.

Essentially, as against Shutterstock, Forni's contract breach claim is legally defective because she is not a party to Shutterstock's contracts or a third-party beneficiary of them, and there are no factual allegations that Shutterstock failed to comply with its contracts; Forni's Lanham Act claim is legally defective because there was no false statement by Shutterstock (Forni admits she signed the Release), there is no secondary meaning in the photographic images, there is no likelihood of confusion, and Forni is not a celebrity entitled to protection under the Act; Forni's Ohio "Right of Publicity" claim is legally defective because she admits that she signed a blanket Release and the Act expressly authorizes use when there is such a release, the parole evidence rule precludes admission of evidence that directly contradicts the terms of the Release, and the images are exempt under the "works of fine art" provision of the Act; and, Forni's demand for injunctive relief is legally defective because it is not a valid, independent cause of action.

Forni has settled with and dismissed many Defendants, some or all of which may need to be re-pleaded into the case as indispensable (or potentially indispensable) parties.

2. *Jurisdiction and Venue:* Federal jurisdiction arises through Forni's Lanham Act cause of action. This Court is a proper venue pursuant to the provisions of Shutterstock's Terms of Service as alleged, and as held by the N.D. Ohio court in its transfer decision.

MILLER GOLER FAEGES LAPINE LLP

Hon. Katherine Polk Failla
United States District Judge
January 5, 2015
Page 4

     3.    *Existing Deadlines*: Judge Nugent (N.D. Ohio) set a discovery cut-off date of March 1, 2015, and a Status Conference for 11:00 a.m. EST on January 29, 2015 (ECF #90).

     4.    *Outstanding Motions*: Upon the N.D. Ohio Court's transfer decision addressing only the venue of this action, that Court was divested of jurisdiction, leaving the merits of Shutterstock's dismissal motion to be resolved by this Court. *See, e.g., Blair v. Genentech, Inc.*, 2011 U.S. Dist. LEXIS 123720, at *6 (W.D. Mich. Oct. 26, 2011) (*held*: motion to dismiss remained pending in transferee court after transferor court transferred the case); *Hunter v. Pallito*, 2012 U.S. Dist. LEXIS 45424, at *7 (D. Vt. Feb. 29, 2012) (*held*: motion to dismiss remained pending after transfer of case); *In re Rosenberg*, 414 B.R. 826, 830 (S.D. Fla. 2009) (*held*: "Notwithstanding the transfer of venue, the Alleged Debtor's Motion to Dismiss remained pending for final adjudication by this [the transferee] Court."); *Folsom v. LG Elecs. U.S.A., Inc.*, 2009 U.S. Dist. LEXIS 96816, at *9 (N.D. Ga. Oct. 19, 2009) (*held*: defendant's motion to dismiss remained pending after the district court in Virginia transferred venue of the case to a district court in Georgia); 15 Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 3846 (4th ed.) ("When an action is transferred, it remains in the posture it was in and all further proceedings in the action merely are referred to and determined by the transferee tribunal…."); *cf. Mo. Franchise Dev. Sys., LLC v. McCord*, 2007 U.S. Dist. LEXIS 78085, at *4 (S.D. Ill. Oct. 19, 2007) (*held*: "the Court finds that this matter should be transferred to the Northern District of Georgia in accordance with the forum selection clause contained in the ADA [Area Development Agreement]. In light of the forum selection clause, the Court need not and will not consider the merits of the motion to dismiss. The merits of these arguments should be

MILLER GOLER FAEGES LAPINE LLP

Hon. Katherine Polk Failla
United States District Judge
January 5, 2015
Page 5

decided by the forum the parties agreed would adjudicate any disagreements arising under the ADA.").

That motion remains pending and awaits this Court's decision, subject only to potential supplemental briefing (as Second Circuit jurisprudence now controls) and any further writings or discussions pursuant to your Individual Civil Practice Rule 4.A. As noted, Forni opposes the motion.

5. *Discovery:* No discovery has occurred. Early settlement discussions involving Shutterstock are not immediately dependent upon discovery, but rather upon a calendar for supplemental briefing on the motion to dismiss and this Court's ruling on the motion to dismiss.

6. *Settlement Discussions:* Forni and Shutterstock have discussed potential settlement, without reaching agreement.

7. *Other Information:* Shutterstock is not offering photographic images of Forni. Shutterstock opposes any initial disclosures or discovery involving it before this Court rules on the motion to dismiss.

Sincerely,

MILLER GOLER FAEGES LAPINE LLP

/s/ Steven J. Miller

STEVEN J. MILLER (Ohio Bar No. 0014293)
(Admitted *pro hac vice*)

cc: All counsel to be notified through the ECF System