MILLER GOLER FAEGES LAPINE LLP
1301 EAST 9TH STREET, SUITE 2700
CLEVELAND, OHIO 44114-1835

TELEPHONE: (216) 696-3366
FAX: (216) 363-5835

February 25, 2015

VIA ECF AND E-MAIL (Failla_NYSDChambers@nysd.uscourts.gov)

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re:    *Forni v. Resnick, et al.*, United States District Court,
            Southern District of New York, Case No. 1:14-cv-09458-KPF:
            <u>Response to Plaintiff's Request for</u>
            <u>Informal Discovery Dispute Conference</u>

Dear Judge Failla:

    Defendant Shutterstock, Inc. ("Shutterstock"), pursuant to Individual Rule 3.C and Local Rule 37.2, hereby responds to the February 20, 2015 letter of Plaintiff's counsel.

    This case – filed in May 2014 – has been the subject of Shutterstock's comprehensive Motion to Dismiss (ECF # 52) since July 2014. Shutterstock's Motion noted the numerous incurable defects, as a matter of law, in the First Amended Complaint (ECF ## 5, 8, and 9), did not present any matters outside the pleading, and sought Shutterstock's full dismissal.[1]

    When Shutterstock (and the other Defendants) again noted the legal defects in Plaintiff's pleading at the Initial Pretrial Conference in January 2015, this Court set a calendar for dispositive motions and stated that, pending resolution of those motions, there would be no

---

[1] Following the venue transfer (ECF ## 91-92), the merits of Shutterstock's dismissal motion await resolution by this Court.

MILLER GOLER FAEGES LAPINE LLP

Hon. Katherine Polk Failla
United States District Judge
February 25, 2015
Page 2

discovery. With dispositive motions now on file from all defendants, that prohibition should hold.[2]

None of what Plaintiff's counsel now raises in any way addresses the legal defects that defeat the First Amended Complaint. None of the information set forth in his February 20 letter properly informs – and none of what he says he now seeks could properly inform – this Court's consideration of Shutterstock's Motion to Dismiss or the other dispositive motions. As a matter of well-settled law and procedure, this Court's analysis of the 12(b)(6) and 12(c) motions does not include consideration of materials outside the First Amended Complaint. It thus is inapposite for Plaintiff's counsel to assert that "allowing limited discovery and converting the current motions to motions for summary judgment would assist this Court in sorting out what is and what is not factually true o[r] false for purposes of any dismissal motions."

Accordingly, this Court should sustain its prohibition on discovery pending resolution of the dispositive motions, which need not – and should not – be converted pursuant to Rule 12(d).

Sincerely,

MILLER GOLER FAEGES LAPINE LLP

/s/ Steven J. Miller

STEVEN J. MILLER (Ohio Bar No. 0014293)
(Admitted *pro hac vice*)

cc: Counsel (by email and ECF System notification)

---

[2] On February 6, 2015, in compliance with this Court's Order (ECF # 118), Shutterstock filed its Notice of Motion to Dismiss and further Memorandum of Law in Support (ECF ## 121-122), again noting the incurable flaws in Plaintiff's pleading, again not presenting any matters outside the pleading, and again seeking Shutterstock's full dismissal; and, the other Defendants filed their fully dispositive motions, as well (ECF ## 123-124, 127-128).