

COWAN
DEBAETS
ABRAHAMS &
SHEPPARD LLP

41 MADISON AVENUE
NEW YORK, NY 10010
T: 212 974 7474
F: 212 974 8474
www.cdas.com

NANCY E. WOLFF
212-974-7474
nwolff@cdas.com

JEAN ALBERT
AILEEN ATKINS
FREDERICK P. BIMBLER
SUSAN H. BODINE
ANDREA F. CANNISTRACI
XAVIER J. CORREA
TIMOTHY J. DEBAETS
DOUGLAS P. JACOBS*
ELEANOR M. LACKMAN†
ELLIS B. LEVINE
STEVEN MASUR
JANIS C. NELSON ■
JOSHUA B. SESSLER
J. STEPHEN SHEPPARD ♦
MARC H. SIMON
KENNETH N. SWEZEY†
NANCY E. WOLFF •*†

DAVID E. ASHLEY*
JEFFREY M. LAWHORN*
SIMON N. PULMAN*○
SCOTT J. SHOLDER*
JOSHUA S. WOLKOFF*

OF COUNSEL:
ROBERT I. FREEDMAN
JERROLD B. GOLD
MICHAEL J. ZUSSMAN

SPECIAL COUNSEL:
ROBERT J. EPSTEIN
ALEX GIGANTE

PHILIP M. COWAN
(1943-2001)
HOWARD ABRAHAMS
(1945-1996)

■ ADMITTED IN CA
† ALSO ADMITTED IN CA
♦ ALSO ADMITTED IN DC
○ ALSO ADMITTED IN GA
* ALSO ADMITTED IN NJ
• ALSO ADMITTED IN PA

BEVERLY HILLS OFFICE:
9595 WILSHIRE BLVD, SUITE 900
BEVERLY HILLS, CA 90212
T: 310 492 4392 / F: 310 492 4394

February 25, 2015

**BY ECF & E-mail**

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *Nicole Forni v. Joshua Resnick, et al.* No. 14-cv-9458-KPF**

Dear Judge Failla:

We represent defendant Joshua Resnick in the above-referenced proceeding. We write pursuant to Local Rule 37.2 and Your Honor's Individual Rule 3.C in response to plaintiff Nicole Forni's letter to the Court dated February 20, 2015 [Dkt. No. 132] concerning a purported "discovery dispute." Defendant Amazon joins in the substance of this letter. We oppose granting plaintiff any discovery now, pending rulings on the dispositive motions, and for the following reasons, submit that the Court should reaffirm its position that discovery be stayed until after resolution of those motions.

As a threshold matter, there can be no discovery dispute; there is no outstanding discovery because, during the January 6, 2015 initial pretrial conference, Your Honor ordered that no discovery would take place until after motions to dismiss or motions on the pleadings were decided. During the January 21, 2015 meet-and-confer conference call between defendants' counsel and plaintiff's counsel, defendants' counsel reminded Mr. O'Shea of Your Honor's ruling – and expressed other reasons why this "dispute" is a non-issue – but were unable to dissuade him from pursuing this inquiry. In addition to the Court's unambiguous instruction, plaintiff's request for discovery should be denied as unnecessary and inappropriate at this time.

Mr. O'Shea refers several times in his letter to supposedly "false" facts. However, facts are not "false" simply because plaintiff's counsel says they are, or simply because the plaintiff disagrees with certain statements. This is especially true at this stage of the case when statements like the ones at issue are outside the complaint (and therefore not before the Court), and are irrelevant to the sufficiency of the pleadings and the legal issues raised in the defendants' motions. What is more, the statements are protected by Mr. Resnick's First Amendment right to free speech. Plaintiff should not be permitted to manufacture disputed facts to circumvent the Court's scheduling order concerning motions on the pleadings.





Indeed, most of plaintiff's purported "false facts" are actually *disputed* facts that are nevertheless beside the point at this time and do not warrant discovery now (*see* item Nos. 1, 2, & 4).[1] The other items on plaintiff's list include a contention regarding damages that is both irrelevant and premature (*see* item No. 3), and an issue that was fully addressed in the defendants' motions to dismiss (*see* item No. 5). Regardless, any purported facts that are outside the complaint should be disregarded, particularly since the allegations stated in the complaint are already assumed to be true during the motion to dismiss phase.

Considering that, by virtue of the motions, the Court's focus is on the four corners of the pleadings – which we believe will dispose of the entire case as a matter of law – we respectfully request that the Court issue an order reiterating its stay of discovery pending its decision on the defendants' dispositive motions so that the parties and the Court can focus on those motions without having to waste further time and resources and without further distractions.

We thank the Court for its attention to this matter.

Respectfully submitted,

Nancy E. Wolff
*Counsel for Defendant Joshua Resnick*

Deepak Gupta /SJS

Deepak Gupta
*Counsel for Defendant Amazon.com Inc.*

cc: All counsel of record (via ECF & E-mail)

[1] After the parties' meet-and-confer conference, Mr. Resnick removed the reference to plaintiff being an "implied nude" model from the disputed communication, although he maintains that "implied nude" is a term of art in the modeling industry.